UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DISTRICT

| | |
|---|---|
| Tim Stanfield,<br><br>    Plaintiff,<br><br>vs.<br><br>Liberty Oilfield Services LLC, Grayson Mill Operating, LLC, Grayson Mill Williston, LLC, VAC-U-JET SEPTIC AND SUMP SERVICE INC,<br><br>    Defendants. | Court File No. 1:24-cv-00004-CRH<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, for his Complaint and cause of action against the above-named Defendants, states and alleges as follows:

**Parties**

I.

Plaintiff Tim Stanfield ("Tim Stanfield") is an adult resident of Boise, Idaho.

II.

Defendant Liberty Oilfield Services LLC ("Liberty") is a foreign company doing business in the state of North Dakota with its principal office located at 950 17th Street, Suite 2400, Denver, Colorado.

94483113.1

III.

Defendant Grayson Mill Operating, LLC ("Grayson Mill Operating") is a foreign company doing business in the state of North Dakota with its principal office located at 1160 Dairy Ashford, Suite 140, Houston, Texas or 840 West Sam Houston Parkway North, Suite 300, Houston, Texas.

IV.

Defendant Grayson Mill Williston, LLC ("Grayson Mill Williston") is a foreign company doing business in the state of North Dakota with its principal office located at 1160 Dairy Ashford, Suite 140, Houston, Texas or 840 West Sam Houston Parkway North, Suite 300, Houston, Texas.

V.

Defendant VAC-U-JET SEPTIC AND SUMP SERVICE INC ("Vac-U-Jet") is a company doing business in the state of North Dakota with its principal office located at 5979 Highway 85 Williston, North Dakota.

## Jurisdiction and Venue

VI.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based on diversity of the parties.  The amount in controversy exceeds $75,000.

VII.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims of this lawsuit occurred in this district.

94483113.1

VIII.

Defendants are subject to this Court's jurisdiction because they conduct business in North Dakota.

**Factual Allegations**

IX.

On November 12, 2022, Tim Stanfield was working as a fuel operator at the Rose Pad fracking site in Williston, North Dakota. Grayson Mill Operating, Grayson Mill Williston and Liberty owned, maintained and operated the fracking site and well. Tim Stanfield was traversing the fracking site when a dangerous, high PH buffer was negligently on the ground which caused Tim Stanfield to slip and fall into the dangerous substance and hazard. Tim Stanfield was taken to the emergency showers at the fracking site. Vac-U-Jet owned, operated and maintained the emergency showers and leased them to Liberty, Grayson Mill Operating and Grayson Mill Williston, who also maintained and operated the emergency showers. The emergency showers did not work at time of necessity. This likely worsened Plaintiff's injuries and damages.

X.

As a direct result of the above described incident and Defendants' negligence, Plaintiff sustained severe and permanent physical injuries including, but not limited to, third degree burn of trunk, third degree burn of lower back, third degree burn of buttock, third degree burn of right thigh and third degree burn of right lower leg. Plaintiff was life flighted to a burn center in St. Paul, Minnesota where he remained in

the hospital burn unit for 24 days having excisions and cadaveric allograft placements across his body. Plaintiff has incurred in excess of $277,000 in medical bills. Plaintiff continues to treat for his injuries.

## COUNT ONE
## (Liberty, Grayson Mill Operating and Grayson Mill Williston's Negligence)

XI.

Plaintiff's injuries and damages were the direct and proximate result of Defendants' negligence. At the time of the above-described incident, Defendants' employees were acting within the scope and course of their employment or agency with Defendants, respectively.  Therefore, Defendants are vicariously liable for the negligence of its employees and the damages described herein. Illustrations of Defendants' negligence, cited by way of example but not limitation, include:

    a.    Defendants failed to maintain a safe and non-hazardous premise;

    b.    Defendants allowed a hazardous condition to exist on its premises despite actual or constructive knowledge of the condition;

    c.    Defendants failed to remedy the hazard presented despite actual or constructive knowledge of its presence;

    d.    Defendants failed to warn of the presence and risk of the hazard;

    e.    Defendants failed to train and supervise its employees;

    f.    Defendants failed to safely operate the fracking site to prevent injuries;

    g.    Defendants created the hazardous condition and failed to warn and

remedy the condition; and

Defendants were negligent in other ways too numerous to mention herein. Defendants' negligence constitutes the direct and proximate cause of Plaintiff's injuries, harms, losses and damages.

## COUNT TWO
### (Vac-U-Jet, Liberty, Grayson Mill Operating and Grayson Mill Williston's Negligence)

XII.

Plaintiff's injuries and damages were the direct and proximate result of Defendants' negligence. At the time of the above-described incident, Defendants' employees were acting within the scope and course of their employment or agency with Defendants, respectively. Therefore, Defendants are vicariously liable for the negligence of its employees and the damages described herein. Illustrations of Defendants' negligence, cited by way of example but not limitation, include:

   a.  Defendants failed to provide, lease, maintain and operate a properly working emergency shower;

   b.  Defendants failed to train and supervise its employees in regard to the emergency shower; and

Defendants were negligent in other ways too numerous to mention herein. Defendants' negligence constitutes the direct and proximate cause of Plaintiff's injuries, harms, losses and damages.

**Damages**

XIII.

Plaintiff realleges all preceding paragraphs.

XIV.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained the injuries described herein.  His injuries are serious and permanent, both physical and mental.  As a result of the injuries sustained by Plaintiff, he has suffered in the past, and will suffer in the future, pain, suffering, disability, loss of enjoyment of life, mental anguish, and other general damages, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000).

XV.

As a direct and proximate result of Defendants' negligence, Plaintiff has been, and will in the future be, required to expend sums of money as and for medical, hospital, and related care in an attempt to treat and cure the injuries he sustained, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000).

XVI.

As a direct and proximate result of Defendants' negligence, Plaintiff has sustained a loss of income and earning capacity, and will in the future sustain such losses, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000).

94483113.1

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Awarding Plaintiff reasonable compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000);

2. Awarding Plaintiff pre-judgment and post-judgment interest;

3. Awarding Plaintiff his costs and disbursements incurred herein;

4. Such other and further relief as the Court deems just and equitable.

## Jury Demand

Plaintiff hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all claims and issues so triable.

ROBINS KAPLAN LLP

Dated: January 24, 2024            By: */s/ Timothy Q. Purdon*
                                            Timothy Q. Purdon, ND #05392
                                            1207 West Divide Avenue
                                            Suite 200
                                            Bismarck, ND 58501
                                            701-255-3000
                                            TPurdon@RobinsKaplan.com

                                            Tony Schrank (MN #0396290)
                                            (*pro hac vice to be submitted*)
                                            800 LaSalle Avenue
                                            Suite 2800
                                            Minneapolis, MN 55402
                                            612-349-8500
                                            ASchrank@RobinsKaplan.com
                                            ATTORNEYS FOR PLAINTIFF

94483113.1