## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tim Stanfield,<br><br>        Plaintiff,<br><br>vs.<br><br>Liberty Oilfield Services LLC; Grayson Mill Operating, LLC; Grayson Mill Williston LLC; VAC-U-JET SEPTIC AND SUMP SERVICE INC,<br><br>        Defendants. | Case No. 1:24-cv-00004 |

## ORDER FOR GRAYSON MILL DEFENDANTS TO AMEND THEIR RULE 7.1 CORPORATE DISCLOSURE STATEMENT

[¶1]    THIS MATTER comes before the Court after the Parties have supplemented the record regarding the citizenship status of each of the Parties noted in the Court's previous Order to Show Cause (Doc. No. 32). For the reasons set forth below, Defendants Grayson Mill Operating, LLC ("GMO") and Grayson Mill Williston LLC ("GMW") (collectively "Grayson Mill Defendants") shall supplement their Rule 7.1 Corporate Disclosure Statement.

### DISCUSSION

[¶2]    On February 23, 2024, the Court issued an Order to Show Cause why the Amended Complaint should not be dismissed for lack of subject matter jurisdiction due to numerous issues with the citizenship of the Parties as alleged. The Plaintiff submitted his Response on March 7, 2024. Doc. No. 37. In his Response, the Plaintiff affirmatively asserts he is a citizen of the State of Idaho. Id. at p. 2. Liberty Oilfield Services LLC is a citizen of Delaware and Colorado because its sole member is Liberty Oilfield Services, Inc., which is incorporated in Delaware and has its

principal place of business in Denver, Colorado. Id.; see also Doc. No. 34 (Liberty Oilfield

Services LLC corporate disclosure statement). VAC-U-JET SEPTIC AND SUMP SERVICE INC

is a citizen of North Dakota because it is incorporated in North Dakota and has its principal place

of business in Williston, North Dakota. Id. at p. 3.

[¶3]     The jurisdictional trouble, however, remains as to the Grayson Mill Defendants. On March

7, 2024, the Grayson Mill Defendants filed their corporate disclosure statement. Doc. No. 36.

Starting with GMO, the statement provides:

> Defendant Grayson Mill Operating, LLC discloses it is a limited liability company
> with its principal office in Houston, Texas. The members of Grayson Mill
> Operating, LLC are Grayson Mill Energy II, LLC and Grayson Mill Intermediate,
> LLC. The sole member of Grayson Mill Intermediate, LLC is Grayson Mill Energy
> II, LLC. The sole member of that LLC is Grayson Mill Intermediate Holdco II,
> LLC. The sole member of that LLC is Grayson Mill Holdings II, LLC. The
> members of that LLC are EnCap Energy Capital Fund X, L.P., EnCap Energy
> Capital Fund XI, L.P., and several natural persons. **None of the natural persons**
> **reside in North Dakota and are not domiciled in North Dakota. As of the date**
> **of filing and service, none of the members of the aforementioned EnCap**
> **Capital Funds were citizens of North Dakota.**

Doc. No. 36, pp. 1-2 (emphasis added). As for GMW, the statement similarly states:

> Defendant Grayson Mill Williston, LLC discloses it is a limited liability company,
> with its principal office in Houston, Texas. The sole member of Grayson Mill
> Williston, LLC is Grayson Mill Energy II, LLC. The sole member of that LLC is
> Grayson Mill Intermediate Holdco II, LLC. The sole member of that LLC is
> Grayson Mill Holdings II, LLC. The members of that LLC are EnCap Energy
> Capital Fund X, L.P., EnCap Energy Capital Fund XI, L.P., and several natural
> persons. **None of the natural persons reside in North Dakota and are not**
> **domiciled in North Dakota. As of the date of filing and service, none of the**
> **members of the aforementioned EnCap Capital Funds were citizens of North**
> **Dakota.**

Id. at p. 1 (emphasis added).

[¶4]     These descriptions fail to allege the states of citizenship with the necessary specificity. In

the Eighth Circuit, "[w]hen jurisdiction is based on diversity of citizenship, the pleadings, to

establish diversity, must set forth **with specificity** the citizenship of the parties." Barclay Square

Properties v. Midwest Federal Sav. and Loan Ass'n of Minneapolis, 893 F.2d 958, 969 (8th Cir. 1990) (emphasis added). Importantly, this requirement does not say a pleading satisfies the citizenship requirement by alleging citizenship in the negative—that is, that a defendant is not a citizen of the same state as the plaintiff. See id. Rather, the standard requires a positive pleading of citizenship of each party. See id. (requiring specificity in pleading the citizenship of the parties); see also American Family Mutual Ins. Co. v. Hantho Farms, LLC, 2023 WL 8192914, *2 (D. Minn. Oct. 31, 2023) ("Because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well, if any. (cleaned up)).

[¶5]    Having reviewed the record, the Court does not believe the bald statement: "[n]one of the natural persons reside in North Dakota and are not domiciled in North Dakota. As of the date of filing and service, none of the members of the aforementioned EnCap Capital Funds were citizens of North Dakota"; satisfies the specificity requirement for proving the citizenship of each party. This simply informs the Court the Grayson Mill Defendants do not believe they are citizens of North Dakota. But Barclay Square requires citizenship to be pled "with specificity."  893 F.2d at 969. Until such time as the record establishes specifically the citizenship of the Grayson Mill Defendants, it continues to appear the Court lacks subject matter jurisdiction. Likewise, whether the Grayson Mill Defendants are citizens of North Dakota is irrelevant because the Plaintiff is a citizen of Idaho. This is further proof why the citizenship rules require showing affirmatively the states of citizenship of each LLC member.

[¶6]    The Plaintiff admits he is unable to ascertain the citizenship of the Grayson Mill Defendants. However, he claims this Court should find it has jurisdiction over the Amended Complaint and order the Grayson Mill Defendants to amend their Rule 7.1 corporate disclosure

statement. Based on the record before the Court, it remains unclear whether it has jurisdiction over the claims at issue here.[1] There is no real dispute the Grayson Mill Defendants failed to provide sufficient information to show with specificity the citizenship of each of their members.[2]

[¶7]     By failing thus, the Grayson Mill Defendants have also unsuccessfully complied with the requirements of Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, which requires a disclosure statement to include the citizenship of "every individual or entity whose citizenship is attributed to that party." The comment to the 2022 Amendment to Rule 7.1 acknowledges the difficulty a plaintiff may have determining the citizenship of each member of an unincorporated entity such as an LLC prior to filing a complaint. 2022 Amendment note, Fed. R. Civ. P. 7.1 ("A party suing an LLC may not have all the information it needs to plead the LLC's citizenship."). "[P]leading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity destroying citizenship." Id.

[¶8]     Rule 7.1 "is designed to facilitate an early and accurate determination of jurisdiction." Nothing in Rule 7.1 nor its comments provide the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) based upon a failure to comply with Rule 7.1. The Rule is meant to help quickly

---

[1] Plaintiff urges the Court to look at the fact that the Grayson Mill Defendants have not moved to dismiss this case for lack of subject matter jurisdiction. This has no bearing on the Court's consideration because the Court has an independent duty to decide whether it has proper subject matter jurisdiction regardless of what the Parties believe. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (noting courts must "be attentive to a satisfaction of jurisdictional requirements in all cases").

[2] Interestingly enough, in a prior case Grayson Mill has admitted it does not have information sufficient to determine the citizenship of the partners and natural persons comprising its members. See Owan v. Equinor Energy LP, 2022 WL 4481449, at *3-4 (D.N.D. Sept. 27, 2022) (noting the above while describing the structure of Grayson Mill as a "Russian nesting doll" making it difficult to ascertain the citizenship of its individual members).

determine the citizenship of unincorporated entities at the beginning of the case so, in the event diversity is lacking, the case may be properly dismissed without prejudice or remanded to state court. Jurisdictional discovery may become necessary "to test jurisdictional facts by inquiring into such matters as the completeness of a disclosure's list of persons or the accuracy of their described citizenships." Id.

[¶9]    At this time, the Court will not dismiss the Amended Complaint for lack of jurisdiction because to do so would be to prematurely deprive the Plaintiff from his choice of federal forum over this matter. However, this is not a finding the Court does in fact have diversity jurisdiction over the Amended Complaint. The appropriate remedy at this stage is to require the Grayson Mill Defendants to file an amended Rule 7.1 corporate disclosure statement to specify the citizenship of each member. They may not allege this in the negative. Rule 7.1 mandates a positive disclosure of the citizenship of each and every individual or entity whose citizenship is attributed to the Grayson Mill Defendants. See Barclay Square, 893 F.2d at 969. Failure to comply may result in an order for jurisdictional discovery.[3]

## **CONCLUSION**

[¶10]   For the foregoing reasons, the Grayson Mill Defendants are **ORDERED** to file an amended Rule 7.1 corporate disclosure statement consistent with this Order by March 21, 2024.

---

[3] Plaintiff urges the Court not to dismiss this case for his failure to allege the citizenship of each member, relying on Lincoln Ben Life Co. v. AEI Life, LLC, 800 F.3d 99, 108-09 (3d Cir. 2015). Lincoln Ben Life, however, does not stand for the proposition a court has jurisdiction over a matter if the citizenship of an LLC's members cannot be ascertained at the time the Complaint was filed. Id. Rather, the Third Circuit noted "a rule requiring citizenship of each member of each LLC be alleged affirmatively ***before* jurisdictional discovery** would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended." Id. (italicized emphasis in original, other emphasis added). In the event the Grayson Mill Defendants do not or cannot properly amend their corporate disclosure statement, the next step is not dismissal of the Amended Complaint. Instead, the next step would be to order jurisdictional discovery. See id.

[¶11]   **IT IS SO ORDERED.**

DATED March 8, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court