**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Tim Stanfield, | |
| Plaintiff, | |
| vs. | Case No. 1:24-cv-00004 |
| Liberty Oilfield Services LLC; Grayson Mill Operating, LLC; Grayson Mill Williston LLC; VAC-U-JET SEPTIC AND SUMP SERVICE INC, | |
| Defendants. | |

**ORDER FOR JURISDICTIONAL DISCOVERY CONCERNING
THE CITIZENSHIP OF THE GRAYSON MILL DEFENDANTS AND
STAYING THE CASE DURING JURISDICTIONAL DISCOVERY**

[¶1]    THIS MATTER comes before the Court after Defendants Grayson Mill Operating, LLC, and Grayson Mill Williston, LLC, (collectively, "Grayson Mill Defendants") amended their Corporate Disclosure Statement (Doc. No. 41) to provide a more definite explanation of their members' states of citizenship. To say the corporate structure of the Grayson Mill Defendants' membership is complicated would be an understatement. Their structures leave the Court to believe that perhaps they have been set up so they cannot sue or be sued in any diversity action in any federal court in the United States. But this would be unfair to both the Grayson Mill Defendants and the Plaintiff who has chosen to sue the Grayson Mill Defendants in this federal forum.

[¶2]    The record continues to be fraught with issues concerning the Grayson Mill Defendants citizenship. The Court has several concerns relating to the individual members and the citizenship of two of the Grayson Mill Defendants members: EnCap Energy Capital Fund X, L.P. ("EnCap X"), and EnCap Energy Capital Fund XI, L.P. ("EnCap XI"). For the individual members, the

- 1 -

Corporate Disclosure Statement states, for example, "[n]atural person #1 of EnCap Energy Capital Fund X, L.P., is domiciled in Houston, Texas." Doc. No. 41, pp. 2-3.[1] The description of the natural person members of EnCap XI is the same format, without specifying the individuals' names. Doc. No. 41, pp. 3-4.Regarding EnCap X, the Corporate Disclosure Statement says:

> There are 421 entity members of [EnCap X] which consist of corporations, partnerships, LLCs, trusts, and government pensions. These members are citizens of Alaska, Alabama, Arkansas, Arizona, California, Colorado, Connecticut, Washington D.C., Delaware, Florida, Georgia, Hawaii, Hong Kong, Iowa, Illinois, Indiana, Kansas, Louisiana, Luxembourg, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, North Carolina, Nebraska, New Hampshire, New Jersey, New Mexico, Norway, Nevada, New York, Ohio, Oklahoma, Ontario, Oregon, Pennsylvania, Puerto Rico, Rhode Island, Taiwan, Texas, Tennessee, Japan, British Virgin Islands, Texas, Utah, Virginia, Wisconsin, West Virginia, Wyoming, Switzerland, Israel, Denmark, Sweden, Monaco, and Singapore. [The Grayson Mill Defendants] **do not possess any further knowledge of the sub-members of these entities**.

Doc. No. 41, p. 2 (emphasis added). Regarding EnCap XI, the Corporate Disclsoure statement provides:

> There are 478 entity members of [EnCap XI], which consist of corporations, partnerships, LLCs, trusts, and government pensions. These members are citizens of Alaska, Arkansas, Arizona, Belgium, California, Colorado, Connecticut, Washington D.C., Delaware, Florida, Georgia, Cayman Islands, Hawaii, Hong Kong, Iowa, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New Hampshire, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Tennessee, Japan, British Virgin Islands, Utah, Virginia, Vermont, Washington, Wisconsin, West Virginia, Wyoming, Israel, Denmark, Sweden. And Monaco. **Grayson Mill does not possess any further knowledge of the sub-members of these entities**.

Id. at p. 3 (emphasis added).

---

[1] The final sentence describing the citizenship of the natural persons of EnCap X reads, "[i]n addition, EnCap Energy Fund X, L.P. consists of" without finishing the sentence. Perhaps this is an honest mistake and was meant to lead into the description of EnCap XI's entity members paragraph, but the Court cannot discern whether that is true based upon the filing alone. Either way, additional clarification on this sentence will also be necessary.

[¶3]    The Court concludes the description of the natural person members and entity members of EnCap X and EnCap XI fail both the specificity requirements for diversity purposes and the Grayson Mill Defendants requirements under Rule 7.1(a)(2) of the Federal Rules of Civil Procedure. As a result, jurisdictional discovery is necessary to determine these facts.

[¶4]    "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth **with specificity** the citizenship of the parties." Barclay Square Properties v. Midwest Federal Sav. and Loan Ass'n of Minneapolis, 893 F.2d 958, 969 (8th Cir. 1990) (emphasis added). Importantly, this requirement does not say a pleading satisfies the citizenship requirement by generally stating the citizenship of unnamed entities. See id. Rather, the standard requires a positive pleading of citizenship of each party with specificity. See id. (requiring specificity in pleading the citizenship of the parties). "Because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well, if any." American Family Mutual Ins. Co. v. Hantho Farms, LLC, 2023 WL 8192914, *2 (D. Minn. Oct. 31, 2023) (cleaned up).

[¶5]    With this standard in mind, Rule 7.1 of the Federal Rules of Civil Procedure states a party in a diversity action under 28 U.S.C. § 1332(a)—here, the Grayson Mill Defendants—"must **name**—and **identify** the citizenship of—every **individual** or **entity** whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). This standard requires the Grayson Mill Defendants to provide (1) the names of the various individuals and entities and (2) identify the citizenship of those entities. Id. To identify the citizenship of those entities, the disclosure statement must be consistent with the law regarding citizenship of corporations and unincorporated entities. See id. Failure to provide such information does not comply with the requirements of Rule 7.1(a)(2). The 2022 Advisory Committee Note to Rule 7.1, Fed. R. Civ. P., states, "[d]iscovery

should not often be necessary after disclosures are made." However, "discovery may be appropriate to test jurisdictional facts by inquiring into such matters at the completeness of a disclosure's list of persons or the accuracy of their described citizenships." Id. This is the rare case the 2022 Advisory Committee Note contemplates.

[¶6]    Starting with the natural person members, each are unnamed. But Rule 7.1(a)(2), Fed. R. Civ. P., requires individual members must be specifically named. Without that information, the Corporate Disclosure Statement does not satisfy Rule 7.1(a)(2) as it relates to the natural person members.

[¶7]    The description of the entity members in the Corporate Disclosure Statement is also not specific and fails the standard set forth in Rule 7.1(a)(2).[2] The disclosure statement lacks any of

---

[2] The citizenship of unincorporated entities is applied inconsistently depending on the type of action. In ordinary diversity cases, such as here, the standard provides an unincorporated entity's citizenship is the same as that of its members. Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (holding "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members"). However, in the class action context, citizenship of unincorporated entities, such as LLCs or LPs, is determined by "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d)(10).

In recent months, this Court alone has seen an influx of problems with identifying the citizenship of unincorporated entities. See, e.g., Structural Preservation Systems, LLC, v. Dakota Gasification Company, Case No. 1:24-cv-00075, Doc. No. 3 (D.N.D. May 6, 2024) (ordering Plaintiff LLC to supplement record to establish Plaintiff's sub-member LLC's state of citizenship); LEAF Capital Funding, LLC v. Apothecary Roughriders, Inc. et al., Case No. 1:23-cv-00098, Doc. No. 18 (D.N.D. Aug. 22, 2023) (ordering clarification on Plaintiff LLC's citizenship due to failure to allege citizenship of members); Knopik v. Holland L.P. d/b/a M Bar D, L.P., Case No. 1:21-cv-00105, Doc. No. 15 (D.N.D. Mar. 30, 2022) (ordering clarification of Defendant L.P. for failure to allege citizenship of L.P.'s members); Wilson v. Cahoon Enterprises, LLC, et al., Case No. 1:20-cv-00240, Doc. No. 22 (D.N.D. Apr. 29. 2021) (ordering clarification of defendant LLC's citizenship for failure to allege the citizenship of each of its members).

The citizenship inconsistency calls for unification. Congress should define the citizenship of an unincorporated entity in ordinary diversity cases as it has defined citizenship in the class action context: "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d)(10). Indeed, it is the same standard applied to other legal entities, like corporations. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every

the entity names. It does not specify how many layers the Grayson Mill Defendants peeled back on the LLCs and partnerships to determine their sub-member information. As it currently stands, with the admission they do not have any further information on the sub-member entities, it appears the Grayson Mill Defendants likely did not determine further citizenship information on the unincorporated entity members' sub-members. This, in turn, leads the Court to believe that at least some of the LLCs or partnerships do, in fact, have sub-members whose citizenship information is currently unknown. Without knowing that information, it is impossible to determine the Grayson Mill Defendants' states or countries of citizenship.

[¶8]     The Court previously stated a failure to specifically allege the citizenship of each of the Grayson Mill Defendants members may result in an order for jurisdictional discovery. The Court is not inclined to dismiss this action without prejudice at this time. Grayson Mill and its subsidiaries have been frequent parties to cases in the District of North Dakota. This is an issue that needs to be resolved if this Court is to continue to see any of the Grayson Mill entities as parties in diversity actions. Accordingly, jurisdictional discovery is appropriate at this time. See Fed. R. Civ. P. 7.1, 2022 Advisory Committee Note; Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008) ("Because 'there is no statutory procedure upon an issue of jurisdiction, the mode

---

State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business."); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (noting a corporation's citizenship is "(1) the state of incorporation, and (2) the state where the corporation's principal place of business is located"). To unify the citizenship requirements would avoid the rabbit hole the Grayson Mill Defendants are forced to go down to determine their citizenship. Unifying the citizenship requirements would also be a boon to plaintiffs in federal court because it would lessen the concern about whether an entity such as the Grayson Mill Defendants can even determine its citizenship. But this is not the current state of the law. As burdensome as this situation is for the Grayson Mill Defendants, they must determine with finality their citizenship under the current framework.

of its determination is left to the trial court.'" (quoting <u>Land v. Dollar</u>, 330 U.S. 731, 735, n.4 (1947)); <u>see also</u> <u>Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 102, 109 (3d Cir. 2015) ("District courts have the authority to allow discovery in order to determine whether subject-matter jurisdiction exists.").

[¶9]    Accordingly, it is **ORDERED** that the Parties shall have one hundred twenty (120) days from the date of this order to conduct jurisdictional discovery to determine the citizenship of the Grayson Mill Defendants. Once jurisdictional discovery is complete, and as an example, the Grayson Mill Defendants shall file a second amended Corporate Disclosure Statement, using the following format to identify the citizenship of each of its individual and entity members:

- Natural Person #1 is Jane Doe, who is a citizen of North Carolina.

- Entity Member #1 is Manual Transmission, LLC, which has two members: John Doe, a citizen of California, and Transmission Manual, L.P. Transmission Manual, L.P. has 1 member: John Doe, a citizen of California.

- Entity Member #2 is Everyday, Corporation, which is incorporated under the laws of the State of Utah and has its principal place of business at 123 Fourth Street in Portland Maine.

And continue until each of the natural person members are named and the over 400 entity members of the EnCap X and EnCap XI are specifically identified. This Court will leave the parameters of this discovery to the auspices of Magistrate Judge Clare R. Hochhalter, the referral Magistrate Judge on this case.

[¶10]    In all other respects, this case is **STAYED** pending the outcome of this inquiry.

[¶11]    **IT IS SO ORDERED.**

DATED May 7, 2024.

Daniel M. Traynor, District Judge
United States District Court