IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tim Stanfield,<br><br>                            Plaintiff,<br><br>vs.<br><br>Liberty Oilfield Services LLC; Grayson Mill Operating, LLC; Grayson Mill Williston LLC; VAC-U-JET SEPTIC AND SUMP SERVICE INC,<br><br>                           Defendants. | Case No. 1:24-cv-00004 |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

[¶1]  THIS MATTER comes before the Court after completion of jurisdictional discovery in this matter. The original Complaint was filed on January 8, 2024. Doc. No. 1. It invoked diversity jurisdiction pursuant to 28 U.S.C. Section 1332 as grounds for bringing this federal action. Citizenship is determined at the time a complaint is filed. Wullschleger v. Royal Canin U.S.A., Inc., 75 F.4th 918, 922 (8th Cir. 2023).

[¶2]  The Court previously indicated its dismay with the current state of determining citizenship of unincorporated legal entities for diversity jurisdiction purposes. Doc. No. 49, ¶ 7 n.2. The citizenship test for unincorporated entities is applied inconsistently depending on the type of action. In ordinary diversity cases, such as here, an unincorporated entity's citizenship is the same as its members. Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (holding "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members"); GMAC Com. Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is the same as its members in diversity jurisdiction cases). However, in the

class action context, citizenship of unincorporated entities such as LLCs or LPs is determined by "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d)(10).

[¶3]   This Court has seen an influx of problems with identifying citizenship of unincorporated entities. See, e.g., Structural Pres. Sys., LLC, v. Dakota Gasification Co., Case No. 1:24-cv-00075, Doc. No. 3 (D.N.D. May 6, 2024) (ordering Plaintiff LLC to supplement record to establish Plaintiff's sub-member LLC's state of citizenship); LEAF Cap. Funding, LLC v. Apothecary Roughriders, Inc., Case No. 1:23-cv-00098, Doc. No. 18 (D.N.D. Aug. 22, 2023) (ordering clarification on Plaintiff LLC's citizenship due to failure to allege citizenship of members); Knopik v. Holland L.P., Case No. 1:21-cv-00105, Doc. No. 15 (D.N.D. Mar. 30, 2022) (same); Wilson v. Cahoon Enter., LLC, Case No. 1:20-cv-00240, Doc. No. 22 (D.N.D. Apr. 29. 2021) (same).

[¶4]   The law should provide consistency in citizenship requirements for unincorporated entities and corporations. Congress should consider defining the citizenship of an unincorporated entity in ordinary diversity cases as it has defined citizenship in the class action context: "[T]he State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d)(10). See also GMAC, 357 F.3d at 829 ("We recognize numerous similarities exist between a corporation and an LLC, but Congress is the appropriate forum to consider and, if it desires, to apply the same 'citizenship' rule for LLCs as corporations for diversity jurisdiction purposes."). This is the same standard applied to corporations. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business."); GMAC, 357 F.3d at 828 (noting a corporation's citizenship is "(1) the state of incorporation, and (2) the state where the corporation's principal place of business is located"). Unifying citizenship

- 3 -

requirements avoids the rabbit hole the Parties were forced to go down to determine the Grayson Mill Defendants' citizenship. Unifying citizenship requirements would also be a boon to plaintiffs in federal court because it would lessen the concern about whether an entity such as the Grayson Mill Defendants can even determine its citizenship.

[¶5]    But this is not the current state of the law. At the time the Complaint was filed, Plaintiff was a citizen of Idaho. Doc. No. 1, p. 1. The Court has reviewed *in camera* documents that establish Grayson Mill Operating, LLC and Grayson Mill Williston LLC had members who were also citizens of Idaho at the time the complaint was filed, making the LLCs also citizens of Idaho. GMAC, 357 F.3d at 829. Because complete diversity of citizenship did not exist when the Complaint was filed, this case must be dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1332(a) (conferring original jurisdiction on federal district courts in cases involving claims for more than $75,000 between citizens of two different states); Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023) ("If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction.").

[¶6]    Accordingly, the Complaint is **DISMISSED without prejudice**.

[¶7]    **IT IS SO ORDERED.**

DATED March 25, 2025.

Daniel M. Traynor, District Judge
United States District Court